UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LISA F. CLARK,                          )
                                        )
                    Plaintiff,          )
                                        )
          vs.                           )          No. 1:14-cv-00834-TWP-DKL
                                        )
CAROLYN W. COLVIN,                      )
                                        )
                    Defendant.          )

REPORT AND RECOMMENDATION

Plaintiff Lisa F. Clark ("Clark") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Clark's application for supplemental security income ("SSI"). The Honorable Tanya W. Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 15.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

I.       BACKGROUND

A.   Procedural History

Clark filed an application SSI on August 25, 2011, alleging an onset of disability of January 1, 1985. [Dkt. 8-2 at 18.] Clark's application was denied initially on October 24, 2011, and upon reconsideration on December 12, 2011. [*Id.*] Clark requested a hearing,

which was held on December 11, 2012 before Administrative Law Judge Albert J. Velasquez ("ALJ"). The ALJ denied Clark's application on January 9, 2013. [Dkt. 8-2 at 15.] The Appeals Council denied Clark's request for review of the ALJ's decision on March 27, 2014, making the ALJ's decision final for purposes of judicial review. Clark filed his Complaint with this Court on May 22, 2014. [Dkt. 1.]

### B. Factual Background and Medical History

Clark was born on August 20, 1964 and was 47 years old at the alleged onset of disability. She has a high school education and no past relevant work. The ALJ found Clark had the following severe impairments: left non-dominant rotator cuff injury, lower back pain, post-traumatic stress disorder, depression and bipolar disorder. Clark only challenges the ALJ's findings with regard to her mental impairments. As the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Clark requests review.

## II. LEGAL STANDARDS

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

Step One:  Is the claimant currently employed;

| | |
|---|---|
| Step Two: | Does the claimant have a severe impairment or combination of impairments; |
| Step Three: | Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; |
| Step Four: | Can the claimant perform his past relevant work; and |
| Step Five: | Is the claimant capable of performing any work in the national economy? |

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c) (2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may be reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining

> whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## III.  DISCUSSION

Clark claims the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Clark contends the ALJ erred when he: (1) improperly dismissed the opinion of Clark's treating therapist; (2) failed to properly evaluate Clark's mental impairments; and (3) failed to address the impact of workplace stress on Clark's ability to work.

### A.  Opinion of Treating Therapist

Clark argues the ALJ improperly evaluated the opinion of her treating therapist, Linda Geidel. Ms. Geidel, who treated Clark throughout 2012, submitted a Mental Health RFC Assessment indicating her belief that Clark could not maintain employment or function in even a minimally stressful environment. [Dkt. 8-15 at 2.] The ALJ considered Geidel's opinion, however gave it little weight because the functional limitations imposed

by Geidel were "more restrictive than warranted by the objective evidence." [Dkt. 8-2 at 27.] The ALJ noted that Geidel's treatment records as a whole showed Clark's mental symptoms had improved during 2012. [Dkt. 8-2 at 25-27.] Clark argues the ALJ impermissibly "played doctor" by dismissing Geidel's opinion and drawing his own conclusions from the evidence. The Court disagrees.

As Clark correctly recognized, her treating therapist is considered "other medical sources." *See* 20 C.F.R § 404.1513(d)(1); SSR 06–03p. Although the opinions of other medical sources are important and should be considered when evaluating "key issues such as impairment severity and functional effects," their findings cannot "establish the existence of a medically determinable impairment." SSR 06–03p. In deciding how much weight to give to opinions from these "other medical sources," an ALJ should apply the same criteria listed in § 404.1527(d)(2): the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the therapist's opinion.

Contrary to Clark's belief, the ALJ did link his conclusion to evidence in the medical records. Specifically, the ALJ noted the progression of Clark's mental health visits to the point where Geidel observed Clark was "noticeably calmer" and "functioning well." [Dkt. 8-2 at 25.] The ALJ also noted that in October 2012, less than two months before the hearing, Geidel reported that Clark was able to have a conversation with her mother's caregiver "without losing her cool" even though she was agitated. [*Id*.] Further review of the treatment records reveal that Geidel believed Clark was getting along better with others and learning to handle stress more effectively. [Dkt.

8-15 at 8.] These observations are inconsistent with Geidel's ultimate conclusion that Clark was unable to maintain employment because of her lack of emotional control. They are, however, consistent with the state agency psychologist's conclusion that Clark could experience "some occupational difficulty" relating to her peers, which the ALJ addressed in the RFC by limiting Clark's interaction with people. While the ALJ may not have systematically detailed his findings as to each one of the given criteria of SSR 06-03p, such an extensive analysis is not required. According to the regulation, "the adjudication generally should explain the weight given to opinions for these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." The ALJ has met that standard.

### B. Clark's Mental Impairments

Clark also argues the ALJ's analysis of her mental impairments was inadequate. Specifically, Clark asserts the ALJ "cherry-picked" the record to note positive findings and ignored the evidence that would support a finding of disability. Again, the Court disagrees. The ALJ dedicated several paragraphs of his decision to summarizing the treatment notes of Clark's therapist. The fact that Clark is able cite records not referenced by the ALJ does not equate to "cherry-picking." The ALJ is not required to mention every piece of evidence but must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled. *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009). Clark treated with Geidel on a weekly basis for nearly a year. Not

surprisingly, there are more treatments notes in the record than those cited by the ALJ. The ALJ reasonably offered a summary of the treatment notes. The issue the Court must consider is whether the conclusion drawn by the ALJ from the entire medical record is supported by substantial evidence. As explained above, the Court finds that it is.

From here, it is difficult for the Court to further evaluate Clark's argument that the ALJ inadequately examined her mental impairments. Clark does not assert which listings her impairments satisfy or discuss the listing requirements in relation to her medical records. She generally argues the ALJ "misunderstood" the fluctuating nature of mental impairments; but she does not produce any evidence that her impairments satisfy a listing. That was Clark's burden. As a result, the Court finds the ALJ's determination of no disability is supported by substantial evidence.

### C. Stress in the Workplace

Lastly, Clark asserts the ALJ failed to address her inability to cope with stress in the workplace. SSR 85–15 requires that any impairment-related limitations created by an individual's response to demands of work must be reflected in the RFC assessment. "Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job." SSR 85–15. It is not enough for an ALJ to simply state that the claimant is limited to "low stress work;" rather, "SSR 85–15 requires an ALJ to undertake a subjective, individualized inquiry into what job attributes are likely to produce

disabling stress in the claimant, and what, if any, jobs exist in the economy that do not possess those attributes." *Felver v. Barnhart,* 243 F.Supp.2d 895, 906 (N.D. Ind. 2003).

Clark's argument is premised upon her belief that she is unable to have any interpersonal contact on the job. The ALJ ignored "critical testimonial evidence" from the VE that such a limitation would disqualify her from all work, Clark asserts. However, as discussed above, the ALJ found that Clark *could* tolerate some contact with individuals and incorporated that limitation into the RFC by providing that Clark's work "should not require more than superficial interaction with the public, co-workers or supervisors." [Dkt. 8-2 at 23.] As discussed above, the ALJ's evaluation of Clark's mental impairments is supported by substantial evidence in the record. Therefore, the Court finds the ALJ sufficiently adjusted the RFC to accommodate Clark's interpersonal difficulties.

IV.    **CONCLUSION**

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Clark does not qualify for

disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 04/21/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov